## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**DAVID QUICHOCHO UNCANGCO, JR.,<br>FRANCES JANET SAHAGON CRUZ,**<br><br>Defendants. | CRIMINAL CASE NO. **CF0557-24**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 7, 2025, for hearing on Defendant David Quichocho Uncangco, Jr.'s ("Uncangco") Motion to Disqualify Curtis C. Van de veld as Special Assistant Attorney General and Defendant Frances Janet Sahagon Cruz's ("Cruz") Joinder in Motion to Disqualify Curtis C. Van de veld as Special Assistant Attorney General. Present were Special Assistant Attorney General Curtis C. Van de veld on behalf of the People of Guam ("the Government"), Uncangco with counsel, Assistant Alternate Public Defender Peter J. Santos, and Cruz with counsel, Terry E. Timblin. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendants face charges stemming from alleged events occurring between March and June of 2024. (Superseding Indictment, Oct. 1, 2024). Uncangco is charged with (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Retail

Theft (As a Second Degree Felony) – Four Counts; (3) Attempted Theft by Receiving (As a Third Degree Felony) – Two Counts; (4) Fraudulent Use of a License Plate (As a Third Degree Felony); (5) Witness Bribery (As a Third Degree Felony); and (6) Tampering with a Witness. *Id.* Cruz is charged with (1) Conspiracy to Commit Theft by Receiving (As a Second Degree Felony); (2) Witness Bribery (As a Third Degree Felony); and (3) Conspiracy in Tampering with a Witness (As a Misdemeanor).[1] *Id.* Jury Selection and Trial was set to commence on October 4, 2024, as Uncangco asserted his right to a speedy trial. (Asserted Criminal Trial Scheduling Order, Sept. 3, 2024).

On October 1, 2024, Uncangco filed a Motion to Disqualify Curtis C. Van de veld as Special Assistant Attorney General and Motion to Stay Proceedings. On the same day, the Government filed an Objection Opposition to Motion for Disqualification of Special Prosecutor. The Court subsequently granted the portion of Uncangco's Motion requesting a stay and stayed this matter pending resolution of his Motion to Dismiss with Prejudice in related Criminal Case No. CF0225-24[2] before another judge. *See* Order After Hearing Granting Defendant Uncangco's Motion for Stay, Oct. 1, 2024. The Court indicated it would determine how to proceed with Defendant's Motion to Disqualify after the lifting of the stay. *Id.*

On January 8, 2025, Cruz filed a Joinder in Motion to Disqualify Curits C. Van de veld as Special Assistant Attorney General.

On January 22, 2025, the Court lifted the stay and set forth briefing deadlines on the Motion to Disqualify.[3] *See* Order Lifting Stay & Setting Briefing for Defendants' Motion to Disqualify Special Assistant Attorney General, Jan. 22, 2025.

---

[1] These charges are reflected as Charges Seven through Nine of the Superseding Indictment.

[2] Some of the charges against Uncangco in the instant matter were previously charged in CF0225-24. *See* Indictment (CF0225-24), Apr. 15, 2024. CF0225-24 was dismissed without prejudice in June 2024, however, Uncangco subsequently moved for dismissal with prejudice in July 2024. *See* Order of Dismissal Without Prejudice (CF0225-24), Jun. 10, 2024; Mot. Dismiss With Prejudice (CF0225-24), Jul. 10, 2024.

[3] CF0225-24 was ultimately dismissed without prejudice. *See* Dec. & Order (CF0225-24), Jan. 22, 2025; Order for Dismissal Without Prejudice & Case Closure (CF0225-24), Jan. 22, 2025.

On January 30, 2025, the Government filed its Opposition. No reply was filed by either defendant.

On February 7, 2025, the Court heard arguments on the Motion to Disqualify and subsequently placed the matter under advisement.

## DISCUSSION

At issue before the Court is whether Attorney Van de veld must be disqualified from acting as a Special Assistant Attorney General in this matter. Defendants argue that a concurrent conflict of interest exists under Guam Rules of Professional Conduct ("GRPC") Rule 1.7 because Attorney Van de veld also represents criminal defendants in his private practice.[4] *See generally,* Uncangco Mot. Disqualify, Oct. 1, 2024. Defendants cite to a decision rendered by Judge Maria T. Cenzon in *People v. Blas,* Criminal Case No. CF0334-23-01, for support. (Uncangco Mot. Disqualify at 3). The Government opposes, arguing defendants do not have standing to bring the Motion to Disqualify. *See generally,* Opp'n, Jan. 30, 2025. The Government further notes that

---

[4] Uncangco states that "Rule 1.7 of the Guam Rules of Professional Conduct requires Defendant to show that Van De Veld's SAAG appointment results in a "significant risk" of violating the Rules of Professional Conduct." (Uncangco Mot. Disqualify at 2). GRPC Rule 1.7 provides:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
    (1) the representation of one client will be directly adverse to another client; or
    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
    (2) the representation is not prohibited by law;
    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
    (4) each affected client gives informed consent, confirmed in writing.

Guam R. Prof'l. Conduct 1.7.

---

*People v. Uncangco & Cruz*
Case No. CF0557-24
Decision and Order

the "role of the prosecuting attorney is fundamentally, by its essence, in absolute adversity to the interests of a defendant under prosecution." *Id.* at 21.

"Disqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Barrett-Anderson v. Camacho,* 2018 Guam 20 ¶ 14 (citation omitted). The Supreme Court of Guam determined that "the appearance of impropriety standard ceased to be the standard for attorney disqualification after the 2003 adoption of the Guam Rules of Professional Conduct for criminal actions filed after the rules' effective date and for all subsequent attorney conduct in pending civil cases." *Id.* at ¶ 18. The "current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Id.* at ¶ 20. "The 'significantly risk' portion of the test does not allow disqualification for potential conflict, but for inevitable and material conflicts." *Id.* at ¶ 17 (citing *Bottoms v. Stapleton,* 706 N.W.2d 411, 417 (Iowa 2015)). "A conflict does not exist just because one party asserts it does." *State v. McKinley,* 860 N.W.2d 874, 880 (Iowa 2015) (quoting *Pippins v. State,* 661 N.W.2d 544, 547 (Iowa 2003)). The moving party bears "the burden of proving facts that establish[] the necessary factual prerequisite for disqualification." *Bottoms,* 706 N.W.2d at 418.

The Court first turns to the issue of whether or not defendants have standing to bring the Motion to Disqualify. The issue of standing was not addressed in *People v. Blas.*[5] *See* Dec. & Order (CF0334-23-01), Apr. 2, 2024. "Standing is a threshold jurisdictional matter. . . . The question of standing focuses on who may bring an action. In essence, the relevant inquiry is whether the litigant is entitled to have the court decide the merits of the dispute *or of particular issues.*" *Benavente v. Taitano,* 2006 Guam 15 ¶ 14 (citations and internal quotation marks

---

[5] The Court is also aware of two other decisions in the Superior Court of Guam addressing the disqualification issue of Special Assistant Attorney Generals. In *People v. Camp,* CF0627-19, Judge Alberto E. Tolentino granted the defendant's Ex Parte Motion to Disqualify Special Assistant Attorney General, however, the issue of standing was not addressed. *See* Dec. & Order (CF0627-19), Oct. 15, 2024. In *People v. Basaliso,* CF0175-24, Judge Tolentino denied the defendant's Objection to Attorney Van de veld appearing as Special Prosecutor, also noting that the issue of standing was never brought up in *Blas* or *Camp.* (Digital Recording at 10:36:49 (CF0175-24), Nov. 4, 2024).

omitted) (emphasis added). Although the Supreme Court of Guam has not fully addressed the issue of standing as it relates to conflicts of interest, it has acknowledged that:[6]

> GRPC 1.7 and 1.9 both address an attorney's conflict of interest, and prohibit an attorney from representing a client whose interests are adverse to the interests of another former or current client. . . . Some jurisdictions find that without an attorney-client relationship or some other relationship imposing a duty of confidentiality, a party has no standing to bring a motion to disqualify based on a conflict of interest.

*Guerrero v. Moylan*, 2002 Guam 18 ¶ 49 (citing *DCH Health Services Corp. v. Waite*, 115 Cal.Rptr.2d 847, 850 (Cal. App. 2002); *Johnson v. Prime Bank*, 464 S.E.2d 24, 26 (Ga. Ct. App. 1995)).

"The majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Coyler v. Smith*, 50 F.Supp.2d 966, 969 (C.D. Cal. 1999). *See also Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."); *Great Lakes Constr., Inc. v. Burman*, 114 Cal.Rptr.3d 301, 307 (Cal. App. 2010) ("A 'standing' requirement is implicit in disqualification motions. Generally, before the disqualification of an attorney is proper, the complaining party must have or must have had an attorney-client relationship with that attorney."). Neither Uncangco or Cruz are current or former clients of Attorney Van de veld. Thus, under the majority view, it is clear that neither defendant has standing to move for his disqualification from this matter.

An exception to the majority view exists "where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful

---

[6] The American Bar Association's ("ABA") Annotated Model Rules of Professional Conduct also provide that the general rule for standing "is that only a former or current client has standing to bring a motion to disqualify counsel on the basis of a conflict of interest," citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83 (5th Cir. 1976); *FMC Techs., Inc. v. Edwards*, 420 F.Supp.2d 1153 (W.D. Wash. 2006); *Coyler v. Smith*, 50 F.Supp.2d 966 (C.D. Cal. 1999). *See* ABA Annotated Model Rules of Professional Conduct Rule 1.7 6th Ed. at 122 (attached to Opp'n). Guam's Rules of Professional Conduct were adopted from the 2002 ABA Model Rules of Professional Conduct. *Barrett-Anderson*, 2018 Guam 20 ¶ 17.

determination of her claims." *Coyler,* 50 F.Supp.2d at 971. "[A]bsent an attorney-client relationship, the moving party must have had an expectation of confidentiality. For purposes of a disqualification motion, standing arises from a breach of the duty of confidentiality owed to the complaining party, regardless of whether a lawyer-client relationship existed."[7] *Great Lakes Constr., Inc.,* 114 Cal.Rptr.3d at 307-308 (quoting *DCH Health Services Corp.,* 115 Cal.Rptr.2d 847). A "non-client must meet stringent standing requirements, that is, harm arising from a legally cognizable interest which is concrete and particularized, not hypothetical."[8] *Id.* at 309 (citing *Coyler,* 50 F.Supp.2d at 971-73). "Courts have invoked the exception in *Coyler* where particular facts have established that the party seeking disqualification had a personal stake beyond the general interest in the fair administration of justice." *S.E.C. v. King Chuen Tang,* 831 F.Supp.2d 1130, 1143 (N.D. Cal. 2011).

Here, Defendants generally state that "[a] difference of interest will eventuate under this scheme of contradictory dual-roled Defense Counsel and Part-Time Prosecutor which will materially interfere with independent professional judgment in considering alternatives or foreclose courses of action that should reasonably be pursued."[9] (Uncangco Mot. Disqualify at 3). Such an argument appears to allege a potential future breach of Attorney Van de veld's duty of loyalty to his criminal defense clients and the Office of the Attorney General. However, as

---

[7] "The *Coyler* court rejected an argument . . . that is, a non-client has standing to move to disqualify opposing counsel to ensure the integrity of the process and the fair administration of justice. None of these lofty values, however, implicates any personal right of Coyler which is burdened by the alleged conflict of interest. . . . Coyler's broad interest in the administration of justice was insufficiently concrete and particularized to support a finding of standing." *Great Lakes Constr., Inc,* 114 Cal.Rptr.3d at 309 (citing *Coyler,* 50 F.Supp. at 973).

[8] "A non-client must establish a 'personal stake' in the motion to disqualify opposing counsel that is sufficient to satisfy the standing requirements of Article III of the United States Constitution." *Great Lakes Constr., Inc.,* 114 Cal.Rptr.3d at 308 (citing *Coyler,* 50 F.Supp.2d at 971). The Supreme Court of Guam has "repeatedly found that the 'traditional standing requirements' expressed in Article III nevertheless apply to claims asserted in Guam's courts." *In re A.B. Won Pat Int'l Airport Auth., Guam,* 2019 Guam 6 ¶ 16 (citation omitted). "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Id.* at ¶ 17 (internal quotation marks and citation omitted).

[9] Cruz does not add any additional facts or information in her joinder. In her joinder, Cruz simply states that she "is the Co-Defendant of UNCANGCO and virtually every point made in UNCANGCO's Motion applies with equal force to her." (Joinder at 1, Jan. 8, 2025).

---

*People v. Uncangco & Cruz*
Case No. CF0557-24
Decision and Order

neither defendant currently has or had an attorney-client relationship with Attorney Van de veld, such a general statement is insufficient to show they have a legally cognizable interest which is concrete and particularized, not hypothetical. Defendants have not offered any facts showing a confidential or fiduciary relationship exists or has existed between them and Attorney Van de veld or that there has been a breach of any duty of confidentiality owed to them by Attorney Van de veld. Defendants do not cite to any authority establishing they have standing as non-clients. Without more, the Court is unable to find that either defendant has established standing to move to disqualify Attorney Van de veld under GRPC 1.7 at this time.[10] Therefore, the Court denies the Motion to Disqualify Special Assistant Attorney General Van de veld.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Disqualify Special Assistant Attorney General Van de veld. As this matter remains in an asserted status, the Court sets Jury Selection and Trial for **March 5, 2025** at **9:30 a.m.** Parties shall return for a Pre-Trial Conference on **February 28, 2025** at **9:00 a.m.**

**IT IS SO ORDERED** this 24th day of February, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

[10] Other jurisdictions have specific statutes regarding disqualification of district attorneys or prosecutors. California, for example, requires a showing that "a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial." Cal. Penal Code § 1424. *See also Haraguchi v. Superior Ct.,* 182 P.3d 579, 582 (Cal. 2008) ("When conflicts arise that compromise their ability to do so, they can and should be recused. But defendants bear the burden of demonstrating a genuine conflict; in the absence of any such conflict, a trial court should not interfere with the People's prerogative to select who is to represent them.). As Guam does not have a corresponding statute in the criminal code, the Court's focus is on the Guam Rules of Professional Conduct and the general standing provisions set forth in the Annotated Model Rules of Professional Conduct. Although the Guam Rules of Professional Conduct contain an ethics rule directed towards prosecutors, the rule does not specifically address prosecutorial conflicts of interest. *See* Guam R. Prof'l. Conduct 3.8 (Special Responsibilities of a Prosecutor). The Court does note, however, that California's Section 1424 "does not allow disqualification merely because the district attorney's further participation in the prosecution would be unseemly, would appear improper, or would tend to reduce public confidence in the impartiality and integrity of the criminal justice system." *People v. Eubanks,* 59 Cal.Rptr. 2d 200, 207 (Cal. App. 1996) (citations omitted).

*People v. Uncangco & Cruz*
Case No. CF0557-24
Decision and Order

Page 7 of 7

**SERVICE VIA E-MAIL**

I acknowledge that an electronic
Copy of the original was e mailed to

AG, APD,

Timblin

Date. 2/24/25 Time. 3:02pm

Albert Calden

Deputy clerk, Superior Court of Guam